# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ARGENAS d/b/a TWISTER'S ICE CREAM, | ) ) ) | |
| Plaintiff, | ) ) | 2:20-cv-770 |
| v. | ) ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY and NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| | | |
| SWEETWATER GRILL LLC, through its management affiliate 424 WALNUT LLC, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | 2:20-cv-853 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| GRANGE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | |
| | | |
| KHALID AND NATALIE'S SERVICE INC. d/b/a CAFÉ FIFTH AVENUE, | ) ) ) | 2:20-cv-968 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| HOSPITALITY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

| | |
|---|---|
| HISTORICAL SOCIETY OF WESTERN PENNSYLVANIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | 2:20-cv-1286 |
| MICHAEL MARTIN and KAREN MARTIN, d/b/a MARTIN'S OF SEWICKLEY, on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TWIN CITY INSURANCE COMPANY,<br><br>　　　　　Defendant. | 2:21-cv-1355 |

## MEMORANDUM ORDER

Plaintiffs in the above-captioned cases are all businesses that closed or significantly limited their operations after the governor of Pennsylvania issued an executive order to curb the spread of the coronavirus and the disease it causes, COVID-19. Plaintiffs all filed claims under their respective commercial property insurance policies to recover losses they suffered because of the executive order. Their insurers universally denied coverage, arguing that the businesses did not suffer a "physical loss of or damage to" property necessary to trigger coverage or that a "virus exclusion" applied and barred coverage.

In the face of that denial of coverage, Plaintiffs all filed lawsuits against their insurers. Most of the insurers filed dispositive motions, arguing that the cases against them should be dismissed. Rather than decide those motions, this Court, with the agreement of all parties, stayed the cases pending the Third Circuit's

decision in the consolidated appeal at *Wilson v. USI Insurance Service LLC*, No. 20-3124. On January 6, 2023, the Third Circuit issued its precedential opinion.

In that opinion, the Third Circuit held that "the loss of use of a property's intended business purpose is not a physical loss of property covered by the businesses' insurance policies." *Wilson v. USI Insurance Serv. LLC*, No. 20-3124, --- F.4th ---, 2023 WL 116809, at *1 (3d Cir. Jan. 6, 2023). It also held that coverage was unavailable under "civil authority provisions" in the policies. *Id.* at *8. That's because to obtain coverage under those provisions, the businesses "must demonstrate physical loss or damage to a property other than the insured premises and that an action of civil authority prohibited access to the insured premises because of that loss or damage" and they could not do so. *Id.* This decision is controlling to the cases currently before this Court.

Plaintiffs here all seek coverage based on identical or substantially similar scope of insurance provisions as those analyzed by the Third Circuit.[1] As a result and based on the binding decision of the Third Circuit in *Wilson*, coverage is unavailable to Plaintiffs for their alleged losses.

The Court therefore **GRANTS** the pending dispositive motions,[2] and **dismisses all claims against those Defendants with prejudice**.

---

[1] *See* Case No. 2:20-cv-770, ECF 12, ¶¶ 14-17, 78-81, ECF 17-1, § (A); Case No. 2:20-cv-853, ECF 1, ¶¶ 11-24, ECF 1-2, pp. 17 (Doc. No. BP00030110, § 1.A), 21 (Doc. No. BP00030110 § 1.A.5.f), 23-24 (Doc. No. BP00030110 § 1.A.5.h); Case No. 2:20-cv-968, ECF 18, ¶¶ 12-21, 104-107, ECF 19-1, Certified Copy of HIC Policy, Business Income and Extra Expense Coverage Form; Case No. 2:20-cv-1286, ECF 1, ¶¶ 13-16, 67-71, ECF 1-1, pp. 49 (Doc. No. 80-02-1000, p. 33), 62 (Doc. No. 80-02-1112, p. 3), 78-81 (Doc. No. 80-02-1004, 3-6); Case No. 2:21-cv-1355, ECF 13, ¶¶ 16-25, ECF 13-1, p. 30 (Form SS00070705, ¶ A).

[2] Case No. 2:20-cv-770, ECF 16; Case No. 2:20-cv-853, ECF 30; Case No. 2:20-cv-968, ECF 19; Case No. 2:21-cv-1355, ECF 17.

One case, No. 2:20-cv-1286, does not have a pending dispositive motion. The Court nonetheless **dismisses that action with prejudice**, *sua sponte*, because the inadequacy of that Plaintiff's claim is apparent as a matter of law based on the Third Circuit's decision. *See, e.g.*, *Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) (citing *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (holding that a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action")); *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 428 n.14 (W.D. Pa. 2008) ("[A] court may dismiss claims *sua sponte* where the inadequacy of a claim is apparent as a matter of law." (cleaned up)).

The Clerk of Court is directed to mark the above-captioned cases as **CLOSED**.

DATED this 11th day of January, 2023.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge